# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06CR16

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| STERLING D. SHEPPARD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a motion filed by the defendant entitled, "Motion for Hearing to Set Conditions for Pre-Trial/Pre-Sentence Release" which was heard by the undersigned on May 1, 2006 and it appearing to the court at the call of this matter on for hearing that the defendant was present with his counsel, attorney Al Messer, and that the Government was present through Assistant United States Attorney, Tom Ascik, and from the evidence presented and the records in this cause, the court makes the following findings.

**Findings**: The undersigned incorporates by reference the Order of Detention Pending Trial prepared by the court and filed in this matter dated March 23, 2006. The undersigned further has considered the evidence presented by the defendant and has considered such under the standard as set forth under 18 U.S.C. § 3142(g).

The defendant presented his mother, Kathy Sheppard. Ms. Sheppard testified that she lives in Chesnee, South Carolina. Ms. Sheppard proposed that the defendant be released to the custody of her aunt, Dorothy Moore, who lives in Polk County, North Carolina or that the defendant be allowed to be released on terms and conditions of pretrial release into the custody of Matthew

Becoate who operates Life on Life's Terms, Inc. which is a rehabilitation facility located in Asheville, North Carolina. Ms. Sheppard described her son has a helpful person who had been helping with the care of her mother and her father and with the defendant's four children. Ms. Sheppard requested that the defendant be released so that he could spend time with his family and four minor children.

Dorothy Moore testified that she was an aunt of the defendant and that the defendant could reside with her. Ms. Moore resides in Polk County, North Carolina in a dwelling house that she rents. Ms. Moore has resided in this dwelling house since June 8, 2005.

In response, the Government presented evidence in the form of the Indictment, the Rule 11 Inquiry and plea of guilty which the defendant entered on May 1, 2006 and the United States Pretrial Services Report.

**Discussion**. Even though the undersigned has previously entered a detailed order regarding the detention of the defendant and consider the factors under U.S.C. 18 § 3142(g), the undersigned will allow, out of an abundance of caution and at the request of the defendant's counsel, again reconsider the issue of detention of the defendant. 18 U.S.C. § 3142(f) states as follows:

> "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exist that was not known to the movant at the time of the hearing and has material bearing on whether or not there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

The undersigned has reconsidered the matter and finds that there are no conditions or combination of conditions which would assure the safety of any other person or the community in this matter.

In again reconsidering this matter, the undersigned has further considered the factors under 18 U.S.C. § 3142(g) in light of the additional evidence presented by the defendant. The undersigned finds as follows:

(g)(1)  The nature and circumstances of the offense charged do not involve a narcotic drug , but the court's research has shown that the offense charged is to be considered as a crime of violence. United State v. Allen, 409 F.Supp.2d 622 (D.Md 2006)

(g)(2)  The weight of the evidence against the person appears to be strong and significant.

(g)(3)  The undersigned affirms the findings of the history and characteristics of this defendant and further finds that at the time of the offense the defendant had been placed on unsupervised probation for resisting an officer and failure to appear on March 15, 2005 and as a result, the defendant was on probation at the time the events alleged in the indictment allegedly occurred.

(g)(4)  The final factor that the undersigned has considered is whether or not there is a serious risk of danger to any other person or the community that would be posed by the defendant's release.  This defendant has been convicted of eight separate felonies. Those felonies include crimes of extreme violence; that being three counts of assault with a deadly weapon with intent to kill, assault with a deadly weapon on a law enforcement officer and voluntary manslaughter.  There can be no question that the defendant knew that he was not to have a firearm in his possession in that he was convicted in 1999 of possession of a firearm by a felon in Rutherford County Superior Court. The misdemeanor convictions of the defendant also show that the defendant is a person of violence. The defendant has been convicted on four separate occasions of resisting a law enforcement officer. To release this defendant would clearly create a danger to any other person or the community.  The

undersigned has considered the evidence offered by the defendant's mother and his aunt but does not consider that the desire of the defendant and his family to be together pending sentencing in this matter overrides the concern that this court has over the history of violent acts that have been committed by this defendant. The record of the defendant shows that he attempted to kill three persons on March 29, 1995 and finally on June 22, 1997 committed an act which lead to his pleading guilty to voluntary manslaughter on January 25, 1999. The defendant has now been found in the possession of a firearm despite all of these convictions. As a result of the foregoing, the undersigned has determined to enter an order denying the motion of the defendant and further ordering the continued detention of this defendant pending sentencing in this matter.

Signed: May 9, 2006

Dennis L. Howell
United States Magistrate Judge